**STROBURG et al. v. SCOFIELD, Collector of Internal Revenue.**

**Civil Action No. 148.**

District Court, W. D. Texas, Austin Division.

Sept. 25, 1944.

Coleman Gay, of Austin, Tex., for plaintiff.

W. R. Smith, Jr., U. S. Atty., and J. M. Burnett, Asst. U. S. Atty., both of San Antonio, Tex., for defendant.

KEELING, District Judge.

The question involved in this case, liberally stated, is, are plaintiff and associates, as Trustees, such group of individuals as would come under the classification as Association, as defined by the Internal Revenue Code and enforcement regulations of the Revenue Department?

Considering all of the evidence introduced, particularly the contract governing the association, I conclude that the plaintiffs, Stroburg et al., Trustees, are not included in the taxing regulations of the Internal Revenue Code, § 3797, and subsections, 26 U.S.C.A. Int.Rev.Code, § 3797, and the Regulation 94 of the United States Treasury Department in the Revenue Act of 1936.

It is clear to my mind that the type of associations attempted to be included as taxable were such associations as are separate and independent going concerns, and not merely associations under contract or employment whereby no profit is contemplated but merely a servicing of fixed property rights, and the payment of the property accruals to the legal owners thereof. It was not contemplated under this contract that any profit should accumulate, but it was nothing more nor less than a group hiring of a custodian to take care of and preserve the property and pay out the identical proceeds in full to the owners thereof.

In classifying associations with corporations, partnerships and trusts, the dominant and controlling idea was that the association would have an independent identity as a business institution on a parity with corporations, partnerships or trusts. And keeping in mind that if there is a doubt as to whether or not this type of association should be included as a separate unit of taxation, that doubt should be resolved in favor of the taxpayer.

I, therefore, find that the association is not a taxable unit under the law and regulations defining and governing same, and that the plaintiffs are entitled to the return of the money paid under protest, together with interest thereon from the respective dates of payment of said taxes to the Government.

The attorneys for plaintiffs will prepare form of judgment in accordance with this memorandum, and proposed findings of fact and conclusions of law, and will submit same to opposing counsel. Upon request the Court will hear and determine any matter where counsel have failed to reach an agreement.